**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JUDE CHI ANYE,

Plaintiff,

v.

INTERNATIONAL FALLS POLICE DEPARTMENT,

Defendant.

Case No. 26-cv-4141 (LMP/LIB)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois, which recommends dismissing Plaintiff Jude Chi Anye's complaint. ECF No. 4. Because the Court does not have subject-matter jurisdiction over Anye's claims, the Court will adopt the R&R and dismiss the complaint.

**BACKGROUND**

On May 18, 2026, United States Customs and Border Protection ("CBP") arrested Anye when he tried to cross the border into Canada from International Falls, Minnesota. ECF No. 1 at 4. Anye alleges that CBP seized his vehicle and impounded it with Defendant International Falls Police Department (the "Police Department"). *Id.* After CBP told the Police Department that Anye had been deported, the Police Department sold Anye's vehicle to a junk yard. *Id.*

Anye brought this action seeking $35,000 from the Police Department in restitution for his vehicle. *Id.* Anye did not pay the filing fee to commence this action and instead seeks to proceed *in forma pauperis* ("IFP"). ECF No. 2. Magistrate Judge Brisbois issued

an R&R on Anye's IFP application and recommended dismissing the complaint for lack of subject-matter jurisdiction. ECF No. 4 at 3. Anye timely filed objections to the R&R. ECF No. 7.

After an R&R is filed, any party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). But when no specific objection is made, a district court reviews for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (explaining that "objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error" (citation modified)).

Here, Anye's objection to the R&R does not address the basis for the recommendation of dismissal—that the Court lacks subject-matter jurisdiction over Anye's claim. In particular, the R&R concluded that the parties are not of diverse citizenship and the amount in controversy is less than $75,000. ECF No. 4 at 2.[1] Anye merely states that "this case is clear and true at your Jurisdiction" and reiterates his ask for "$35,000 restitution." ECF No. 7. The Court therefore reviews the R&R for clear error. *See*

[1] The Court also notes that Magistrate Judge Brisbois identified avenues in state court for Anye to seek redress for the Police Department's sale of his vehicle. *See* ECF No. 4 at 3 (citing Minn. Stat. § 626.04).

*Grinder*, 73 F.3d at 795; *Dalluge v. United States*, No. 25-cv-4215 (LMP/EMB), 2026 WL 381313, at *1 (D. Minn. Feb. 11, 2026) (reviewing for clear error when objections "do not address the basis for the R&R's recommendation of dismissal"). Discerning no clear error, the Court adopts the R&R in full.

**ORDER**

For these reasons, and based on the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (ECF No. 4) is **ADOPTED IN FULL**;

2. Plaintiff Jude Chi Anye's Objections (ECF No. 7) are **OVERRULED**;

3. Plaintiff Jude Chi Anye's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

4. Plaintiff Jude Chi Anye's Motion To Promise Due Fee Payments When Cases Are Won (ECF No. 6) is **DISMISSED** as moot; and

5. Plaintiff Jude Chi Anye's IFP application (ECF No. 2) is **DISMISSED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 24, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge